IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK A. CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-632-NJR |
| ) | |
| DONALD BUNT, ) | |
| ROBERT HERTZ, ) | |
| and MADISON COUNTY JAIL, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff is currently a pretrial detainee at the Madison County Jail ("the Jail"). He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against Defendant Bunt (a captain at the Jail), Defendant Hertz (Madison County Sheriff), and the Jail itself. Plaintiff claims that Defendants have denied him adequate access to the Jail's law library and have failed to provide sufficient materials there to assist him in defending himself in court.

More specifically, Plaintiff claims that he has been held in the Jail since December 21, 2013, and he is representing himself in three felony cases (Doc. 1, p. 5). He is indigent, but he does not explain why he does not have a court-appointed attorney. Prior to filing the instant civil rights action, Plaintiff was found guilty after a jury trial in one of his cases (No. 13-CF-2809), and he blames this outcome on his inability to access the law library. During his entire time in the Jail, Plaintiff has only been allowed to visit the library on three occasions. Each time, he was allowed to stay only a short while and was not permitted to make any copies. Jail regulations provide that inmates may request a library visit from any jail deputy and that male inmates may

use the library on Mondays.

Plaintiff sent three written complaints about the lack of library access to Defendant Bunt, the most recent one on May 5, 2014 (Doc. 1, pp. 8-10). Plaintiff had a motion hearing in court on May 6, 2014, and wrote a complaint to Defendant Hertz on May 7, 2014 (Doc. 1, p. 7). In addition, he made verbal complaints to fourteen other Jail deputies (listed at Doc. 1, p. 4) whom he did not name as Defendants herein. He has yet to receive any response to his complaints.

In addition to the limited access to the library, when Plaintiff was able to get there, he found it was inadequate for his needs. The books were outdated and pages were ripped out, there was no case law, no typewriters, no copy machine, and no clerk or any staff member to give guidance or assistance to inmates. Further, there were no supplies or forms for inmates to use.

Plaintiff requests injunctive relief, in the form of a new law library, more time to access it, and a clerk to assist Jail inmates. He also requests compensatory and punitive damages.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Bunt, Hertz, and the Madison County Jail for denial of access to the courts, in that they failed to provide Plaintiff with access to adequate law library materials and supplies to assist him in presenting a defense in his pending criminal cases.

In order to obtain relief against a municipality in a civil rights case, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the

municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). All of Plaintiff's allegations are based upon the conditions, policies, and customs of the Madison County Jail. Accordingly, Plaintiff may proceed against both the individual Defendants and the Madison County Jail as a municipal entity.

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). This right of access extends to pretrial detainees as well as convicted prisoners. *See Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir. 1993).

> Prison [and jail] officials have an affirmative duty to provide inmates with reasonable access to courts, which includes providing access to adequate libraries (or counsel). *DeMallory v. Cullen*, 855 F.2d 442, 446 (7th Cir. 1988). The right of access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Nonetheless, reasonable access does not mean unlimited access. *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 (7th Cir. 1987).

*Martin v. Davies*, 917 F.2d 336, 338 (7th Cir. 1990). An allegation of actual or threatened detriment is an essential element of a § 1983 action for denial of access to the courts. *Martin*, 917 F.2d at 340; *Howland v. Kilquist,* 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman*, 812 F.2d at 1021-22. "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

In this case, Plaintiff is not merely challenging a conviction (although he notes that he is appealing his first criminal case); he is attempting to defend himself against pending charges in the hopes of avoiding another conviction. Plaintiff asserts that he has already suffered the

detriment of being convicted of a felony because the Defendants caused him to be unable to adequately prepare to represent himself in court. He faces the same situation with regard to his other pending felony cases. At this stage of the litigation, his claims merit further review.

**Pending Motion**

Plaintiff has filed a motion for a court-ordered subpoena (Doc. 7), in which he seeks to compel Defendants to provide him with certain documents relating to the Jail's law library. This motion shall be referred to United States Magistrate Judge Wilkerson for further consideration.

**Disposition**

The Clerk of Court shall prepare for Defendants **BUNT, HERTZ,** and **MADISON COUNTY JAIL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motion for subpoena (Doc. 7).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 25, 2014**

_____
Nancy J. Rosenstengel
United States District Judge

Digitally signed by Nancy J Rosenstengel
Date: 2014.06.25 18:19:31 -05'00'