IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK A. CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-632-NJR-DGW |
| ) | |
| DONALD BUNT, ROBERT HERTZ, and ) | |
| MADISON COUNTY JAIL, ) | |
| ) | |
| Defendants. ) | |

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Recruitment of Counsel filed by Plaintiff on June 3, 2014 (Doc. 4) and the Motion for Court Ordered Subpoena filed by Plaintiff on June 13, 2014 (Doc. 7). The Motion for Recruitment of Counsel is **DENIED WITHOUT PREJUDICE** and the Motion for Court Ordered Subpoena is **DENIED WITHOUT PREJUDICE**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case –

factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has not made a sufficient attempt to acquire counsel without Court assistance. Plaintiff vaguely states that he "had family call" in order to attempt to find an attorney to take his case. There is no indication of who they called, when, or any response. Plaintiff is accordingly **DIRECTED** to contact at least three (3) attorneys and seek representation. In any future Motion for Recruitment of Counsel, Plaintiff shall indicate who he contacted, when, and the response, if any. The Court encourages Plaintiff to write to attorneys, instead of calling, and to attach any such letter and responses to his future Motion for Recruitment of Counsel. As to the Motion for Court Ordered Subpoena, Plaintiff is informed that he may acquire discovery directly from Defendants once they have entered an appearance in this matter and a scheduling order has been issued.

**IT IS SO ORDERED.**

**DATED: July 9, 2014**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**